

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Charles E. Baughman
Chief Clerk
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No. 0-1473
Re: Would the Commissioner have
the authority to withhold the
Inspection Certificate, as
stated, where the dealer re-
fused to pay for same?

We are in receipt of your request for an opinion
on the following question:

"Since the Commissioner (of Agriculture) is
charged with the responsibility of making such
rules and regulations relative to the enforce-
ment and consistent with the Act (Nursery Stock
Act, Chapter 7, Title 4, Vol. 1, Vernon's Anno-
tated Civil Statutes, Articles 119 through 135)
and since the Act seems to make it mandatory that
the Commissioner collect an INSPECTION FEE, (Arti-
cle 129), supra, and that there is a minimum and
a maximum limitation placed upon the amount of
such fee to be collected, Two Dollars and Fifty
Cents and Fifteen Dollars, respectively, and
since dealers are inhibited from 'SENDING OUT NUR-
SERY STOCKS', which are subject to the attacks of
pests and insects - - would the Commissioner have
the authority to withhold the Inspection Certifi-
cate where the dealer refused to pay for same?

"Where inspection is made and Inspector does
not at the time deliver Inspection Certificate,
but later the said Inspection Certificate is
mailed direct from the Department to the Dealer,
and the Dealer then refuses to make settlement
for same, does the Commissioner have the author-
ity to REVOKE such certificate on the grounds
that the dealer has failed and refused to comply
with the rules of the Commissioner, said rules
having been promulgated consistent with the pro-
visions of the Act?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Charles E. Baughman, Page 2

"Does the Commissioner have authority to
require immediate settlement at the hands of the
dealer?

"Then, in event of refusal to make settle-
ment, and after Certificate of Inspection has
been revoked, and the dealer sends out nursery
stocks, would he be subject to prosecution under
the provisions of Article 1693, Penal Code of
Texas?" (parenthetical insertions ours)

Article 119, Revised Civil Statutes, 1925, reads
as follows:

"The protection of fruit trees, shrubs, and
plants shall be under the supervision and control
of the Commissioner of Agriculture. The Commis-
sioner shall prepare and enforce suitable rules
and regulations for the traffic and shipment of
cape jasmine, cut flowers, and such greenhouse
and floral shipments as may require control, and
for the inspection of nurseries, greenhouses, orch-
ards, forest trees, and all products originating
from the same, within the meaning of this chapter.
He shall enforce the provisions of this chapter and
make and enforce such other rules and regulations
not inconsistent herewith as may be deemed necess-
ary to carry the same into effect. He shall also
provide such rules and regulations concerning city,
private or public parks, avenues of shade trees,
shrubbery and ornamentals along the streets of
cities, for city residences, and city property
generally, as will secure a protection and immunity
from insect pests and contagious diseases intended
to be provided for by this law." (Acts 1909, p.316.)
(Underscoring ours)

Article 126, Revised Civil Statutes, provides:

"To ascertain whether nursery stock is infected
with diseases or pests, the Commissioner shall cause
to be made at least once each year, an examination
of each nursery or other place where nursery stock
is exposed for sale. If such stock so examined is
apparently free in all respects from any contagious
or infectious disease or dangerously injurious in-
sect pests, the Commissioner shall issue to the owner

Hon. Charles E. Baughman, Page 3

or proprietor of such stock a certificate recit-
ing that the stock so examined was at the time of
such examination apparently free from any such
disease or pest. No such certificate shall be
negotiable or transferable, and if sold or trans-
ferred, it shall be void." (Underscoring ours)

Article 127, Revised Civil Statutes, contains the
following provisions:

"All nursery stock consigned for shipment,
or shipped by freight, express or other means
of transportation, shall be accompanied by a
copy of said certificate attached to each car,
box, bale, bundle or package. When such box,
bale, bundle, or package, contains nursery stock
to be delivered to more than one person, partner-
ship, or corporation, each portion of such nur-
sery stock to be delivered to such person, part-
nership or corporation, shall also bear a copy of
the certificate of inspection issued as provided
in the preceding article."

Article 129, Revised Civil Statutes, provides for
revocation of certificate by the Commissioner of Agriculture:

"The Commissioner may revoke any certificate
issued under this chapter when he finds that false
representations have been made by the party to
whom the same was issued, or upon refusal of such
party to comply with the law, instructions or rules
given by the Commissioner as authorized by this
chapter." (Underscoring ours)

Article 133, Revised Civil Statutes, authorizes the
collection of reasonable inspection fees by the Commissioner
of Agriculture:

"The Commissioner shall fix and collect rea-
sonable fees for the inspection herein provided
for, of not less than two dollars and fifty cents
nor more than fifteen dollars for each inspection."
(Underscoring ours)

Article 135, Revised Civil Statutes, 1925, provides:

"The terms 'nursery stock', 'nursery', 'dealer,'
and 'agent of a nursery or dealer,' as used in this
chapter, shall have the same meaning as is given
those terms by Article 1698 of the Penal Code. Any

such agent shall have proper credentials from the
dealer he represents or co-operates with; and
failing in that, any such agent shall be classed
as a dealer, and subject to such rules as may be
adopted relating to them, and shall be amenable
to the same penalties for the violation of any
provision of this law."

Article 1693 of the Penal Code of Texas reads as
follows:

"All nursery stock consigned for shipment,
or shipped by freight, express or other means of
transportation shall be accompanied by a copy of
said certificate attached to each car, box, bale,
bundle or package. When such box, bale, bundle or
package contains nursery stock to be delivered to
more than one person, partnership or corporation,
each portion of such nursery stock to be so deliv-
ered shall also bear a copy of such certificate of
inspection. Whoever sends out or delivers within
this State, trees, vines, shrubs, plants, buds or
cuttings, commonly known as nursery stock, which
are subject to the attacks of insects and diseases
enumerated herein, unless he has in his possession
a copy of said certificate, dated within a year
thereof; or shall deface or destroy such certifi-
cate, or wrongfully be in possession of such certi-
ficate, or fail to attach proper tags on each ship-
ment, such tags bearing a copy of said certificate,
shall be fined not less than one hundred nor more
than two hundred dollars." (Underscoring ours)

Reviewing the most pertinent of the above quoted
statutes, Article 126 requires the Commissioner of Agricul-
ture to issue to the owner or proprietor of nursery stock a
certificate of inspection where an examination, to be made
at least once a year, discloses such stock to be free from
disease and insect pests.

Article 127 stipulates that a copy of the certifi-
cate of inspection accompany all shipments of nursery stock.
Article 1693 of the Penal Code makes it a penal offense to
ship nursery stock without the certificate.

Article 129 provides for revocation of the certifi-
cate on certain conditions, including refusal of the party to
whom it was issued "to comply with the law".

Hon. Charles E. Baughman, Page 5

Article 133 authorizes the Commissioner to "fix and collect reasonable fees" for the inspection, said fees ranging from Two Dollars and Fifty Cents to Fifteen Dollars.

There is no provision in the various articles above quoted as to the time and manner of payment of the fees for the inspection.

Since the certificate provided for in Article 126, supra, is necessary for the shipment of nursery stock, it has certain of the characteristics of a permit, or a license which has been defined as a form of permission from the proper authorities to perform certain acts and carry on a certain business, and the law relating to payment of license or permit fees appears to be applicable.

27 Tex. Juris. p. 890: "Ordinarily the right to a license depends upon the payment of a fee * * *"

27 Tex. Juris. p. 892: "Licensing measures quite generally provide for the payment of a sum by the licensee to defray the expense of issuing the license and examining the applicant or supervising the business to be conducted. Such charges are usually denominated 'fees'. A license fee is not a tax, but a price exacted for the exercise of a privilege. It is levied under the police and not the taxing power, and therefore differs essentially from both a property and an occupation tax. As a rule, payment of the license fee is made a prerequisite to the right to exercise the privilege sought, and in many cases pursuit of the activity without previous payment of the required fee is made a criminal offense." (And cases cited) (Underscoring ours)

37 Corpus Juris p.251: "The time and manner of payment of a license fee or tax are generally governed by the provisions of the statute or ordinance requiring the license or tax, they generally being payable annually.

"Payment in advance. Payment of a license fee may be and generally is required as a condition precedent to the issuance of a license and engaging in business, and a license issued before such payment is void. Under some statutes and ordinances payment in advance is also required of license or occupation taxes, and where a tax is imposed monthly, an applicant who has already pursued the business for some time without taking out a

Hon. Charles Baughman, Page 6

license or paying the tax is not entitled to a
license without the payment or tender of back
taxes for the time he has engaged in the busi-
ness.  Under other statutes or ordinances, how-
ever, a license or occupation tax is not payable
in advance or as a condition precedent to engag-
ing in business, particularly where the tax is
graded according to the amount of annual sales
or income."

It will be noted that where the statute provides
for the time and manner of payment of fees, payment of the
fee in advance is a general rule.  In some instances, how-
ever, the nature of the tax prevents payment in advance,
as where the tax is graded according to the amount of an-
nual sales or income.  37 Corpus Juris 251.

Where the statutes contain no express provision
as to time and payment of fees such as are authorized by
Article 133, Revised Civil Statutes, 1925, it is necessary
to ascertain the intent of the Legislature from an analysis
of the statutes as a whole in regard to the time of payment.

Examination of the nursery stock and issuance of
a certificate of inspection involves a certain amount of ex-
pense.  The object of the fees is to defray the expense.
While the language of Article 126, Revised Civil Statutes,
1925, is mandatory to the effect that the Commissioner of
Agriculture issue a certificate to the owner or proprietor
of nursery stock passing the test, still it is equally manda-
tory under Article 133, Revised Civil Statutes, 1925, for him
to fix and collect reasonable fees for the inspection.  A
certificate of inspection is a condition precedent to shipment
of nursery stock.  To ship nursery stock without it is a vio-
lation of the civil and criminal statutes of the State of Texas.
The nursery stock owner is not entitled to the inspection ser-
vice of the Department of Agriculture and the license from the
State on a credit basis.  Such a construction would circumvent
the purpose of the Act and enable nursery stock owners and pro-
prietors to take advantage of the benefit of the Act at the
expense of the state.

Article 119, Revised Civil Statutes, 1925, author-
izes the Commissioner of Agriculture to "enforce the provi-
sions of this chapter and enforce such other rules and regu-
lations not inconsistent herewith as may be deemed necessary

Hon. Charles E. Baughman, Page 7

to carry the same into effect."

Art. 129, R. C. S. 1925, authorizes the Commissioner of Agriculture to revoke a certificate "when he finds that false representations have been made by the party to whom the same was issued" or "upon refusal of such party to comply with the law, instructions or rules given by the Commissioner as authorized by this chapter."

While it is not advisable for the Department of Agriculture to issue the certificate without having first collected the inspection fees, still in those cases where the certificate has been issued with the understanding that the certificate fee be paid, the language of Art. 129 is broad enough to authorize revocation on the ground either that the certificate holder obtained the certificate by representing that he would remit for same and not having done so or intending to do so, thereby obtaining same under a false representation. Again non-payment amounts to a refusal of the party to comply with "the law, instructions or rules" which call for payment.

Art. 1693 of the Penal Code contains the significant provision that whoever is "wrongfully in possession of such certificate" is subject to fine. Where the certificate of inspection has been revoked under Article 129, R. C. S. 1925, by the Commissioner on account of refusal to make payment, and the possessor thereof sends out or delivers within the state, trees, vines, shrubs, plants, buds or cuttings, i. e. nursery stock subject to the Act, then such nursery dealer is "wrongfully in possession of such certificate" upon the strength of which he makes his shipments, and is subject to prosecution under Art. 1693 of the Penal Code.

It is our opinion that the Commissioner of Agriculture has the authority to refuse issuance of the certificate of inspection provided for under Article 126, Revised Civil Statutes 1925, to owners and proprietors of nursery stock unless the inspection fees provided for under Article 133 be paid at the time of issuance; that where the certificate of inspection has been issued without payment therefor, the Commissioner has authority to require immediate settlement of the inspection fees from the dealer; and furthermore, that in cases where the certificate has been issued, the Commissioner has the authority under Article 129, Revised Civil Statutes to revoke any certificate for which the owner or proprietor of nursery stock has persistently delayed or refused to pay; and finally, where the party to whom the certificate of inspection has been issued refuses to pay the inspection fees therefor and continues to send out nursery stocks under the authority of said

certificate of inspection, he is subject to prosecution and fine under Article 1693, Penal Code of Texas, for operating under a certificate of inspection wrongfully in his possession.

Trusting that we have fully answered your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Dick Stout

Dick Stout
Assistant

DS:jm

APPROVED NOV 10, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN